# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-30466

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SEALED APPELLANT,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-115-10

———————————————————————————

Before RICHMAN, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Sealed Appellant challenges his sentence, arguing that the district court erred in granting a § 5K1.1 motion then imposing a within-guidelines sentence. He also contends that the district court considered improper factors in determining the extent of a departure and failed to conduct an independent inquiry into the nature of his assistance. We affirm.

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30466

# I

Sealed Appellant (Appellant) pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 846, and to possession of firearms in furtherance of drug trafficking, a violation of 18 U.S.C. § 924(c)(1). For sentencing purposes, he was held accountable for over 9,000 kilograms of drugs, including methamphetamine, cocaine, marijuana, and fentanyl. The Presentence Investigation Report (PSR) calculated the recommended guidelines range for the drug-conspiracy count as 140 to 175 months of imprisonment with a consecutive mandatory minimum of 60 months for the firearm possession. There were no objections to the PSR.

Before Appellant's sentencing hearing, the Government filed a § 5K1.1 motion. It discussed the nature of his assistance, which included giving the Government information that contributed to an indictment. In light of this assistance, "the Government recommend[ed] a reduced sentence below the guideline range for [the drug conspiracy count]. The Government recommend[ed] a term of imprisonment between the range of 120-150 months for [the drug conspiracy count]." The mandatory minimum sentence for that count was 120 months, and the Government did not ask for a sentence below the mandatory minimum pursuant to 18 U.S.C. § 3553(e). Additionally, Appellant filed a sentencing memorandum requesting a downward departure of at least 50%, in part based on assistance given to the Government, and he asked for a sentence of five to eight years.

During the sealed portion of his sentencing hearing, Appellant's counsel requested a "significant deviation from the guidelines," repeating the request for a 50% reduction. The court asked the Government whether the individual indicted with Appellant's help was already under investigation at the time, and the Government clarified that while the individual was

already being investigated, Appellant's testimony corroborated certain information, helping lead to an indictment.

The court granted the § 5K1.1 motion and "accept[ed] the Government's recommendation of 120 to 150-month guideline range." The court noted that this was "based on a number of factors, [and] what the Government has enunciated as to the role of [Appellant] in this matter justifies the range that the Government has proposed as opposed to the range that the defense has proposed." Defense counsel registered a general objection to the court's ruling.

The court moved to the unsealed portion of the proceeding and noted that it had reviewed Appellant's memorandum and letters sent from friends and family on his behalf. Appellant and his counsel allocuted before the court. The court then denied Appellant's request for a downward variance because of his long "criminal history of drug trafficking, the large amount of drugs involved in this case, and that this case involves ongoing drug trafficking." The court sentenced Appellant to 140 months of imprisonment for the drug conspiracy count and 60 consecutive months for the firearm possession count.

The court also noted that Appellant was "given the benefit of the doubt" as to the purity of drugs "in the absence of any lab reports to the contrary." The court indicated its sentence was influenced by criminal history, personal characteristics, the need to avoid disparity among codefendants, and "based on the Government's own representations to the Court." The court stated, "In the event the guideline determinations in this case are found to be incorrect the Court notes that it would impose this same sentence based on the factors that the Court has outlined and in order to avoid a disparity among codefendants." Appellant objected to the court's

rejection of the downward variance, citing again the reasons given in the memorandum and family needs.

Appellant timely appealed, challenging the court's sentence. He argues that the court erred in granting the Government's § 5K1.1 motion and then imposing a sentence within the original guideline range. He also argues that the court erred in relying on improper factors and not independently analyzing the nature of his assistance when granting the motion.

## II

Appellant did not specifically object to the court's imposition of a within-guideline sentence after granting the § 5K1.1 motion, nor did he object to the court's reliance on improper factors or failure to assess the nature of his assistance independently. His general objection to the court's acceptance of the Government's recommendation for a lower guideline range and his separate objection to the denial of a downward variance were not "sufficiently specific to alert the district court to the nature of the alleged error[s] and to provide an opportunity for correction."[1] Therefore, we review for plain error.[2]

"To prove plain error, [Appellant] must show 'that (1) there is an error; (2) the error is clear and obvious; and (3) the error affects his substantial rights.'"[3] "Then, once he has shown that error, we may choose

---

[1] *United States v. Santiago*, 96 F.4th 834, 842 (5th Cir. 2024) (quoting *United States v. Torres-Perez*, 777 F.3d 764, 767 (5th Cir. 2015)).

[2] *Id.*; *see also United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021) ("Generally, if the defendant failed to object to a procedural error, we review only for plain error.").

[3] *Santiago*, 96 F.4th at 843 (quoting *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006)).

to correct the error *only* if (4) it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"[4]

## A

Appellant contends that the district court erred in granting the § 5K1.1 motion but nonetheless imposing a within-guideline sentence that was not a departure. Appellant is correct that this was a clear and obvious error under *United States v. Hashimoto*.[5]

In *Hashimoto*, we held that a district court erred when it granted the Government's § 5K1.1 motion but did not depart from the applicable sentencing guideline range.[6] The district court, similar to the court in this case, chose to apply a reduced sentencing range that overlapped with the original range and then chose a sentence that still fell within the original sentencing range.[7] However, we also held that the error did not require us to vacate the sentence.[8] As in *Hashimoto*, here, the district court "clearly recognized its authority to depart from the statutory guidelines," rendered an unambiguous sentence, and "had the discretion to impose the sentence it in fact imposed."[9] While the district court erred, Appellant's sentence need not be vacated.

---

[4] *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[5] 193 F.3d 840 (5th Cir. 1999).

[6] *Id.* at 843-44.

[7] *Id.* at 844.

[8] *Id.*

[9] *Id.* at 844-45; *see also United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001) ("The district court . . . has almost complete discretion to deny the government's § 5K1.1 motion. . . . We lack jurisdiction to review the district court's refusal to depart downward,

No. 25-30466

**B**

Appellant also contends that the district court erred by relying on "legally unacceptable reasons to support its departure for substantial assistance" and by not conducting an independent inquiry into the nature of his assistance.

**1**

In determining the extent of a departure under § 5K1.1, the district court must base its decision "solely on assistance-related concerns."[10] Appellant points to the court's discussion of other non-assistance-related factors that affected the court's sentence, such as criminal history and the amount of drugs involved, to argue that the district court considered improper factors in determining the extent of a departure.

"The Guidelines set out a three-part framework for the imposition of sentences: the district court (1) calculates the advisory sentencing range; (2) considers the specific offender characteristics and grounds for departure enumerated in the Guidelines; and (3) weighs the applicable factors in 18 U.S.C. § 3553(a) as a whole."[11] Here, the district court considered the § 5K1.1 motion in the sealed portion of the sentencing hearing, granted it, and then in the later, unsealed portion of the sentencing hearing explained § 3553(a) non-assistance-related factors that influenced its ultimate sentencing decision.

---

unless the district court's refusal was based on a mistaken belief that it lacked the power to depart downward.").

[10] *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006).

[11] *United States v. Malone*, 828 F.3d 331, 341 (5th Cir. 2016) (quoting *United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011)).

No. 25-30466

Even assuming without deciding that the district court erred, Appellant cannot show under plain error review that the error affected his substantial rights. "To affect the defendant's substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings."[12] "In the context of sentencing, we ask 'whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand.'"[13]

Here, Appellant has not met his burden to show that there is a reasonable probability the district court would adjust its sentence downward. "If we were to remand, we are confident that the result would be the same . . . ."[14] The district court considered whether to grant a departure based on assistance-related factors, decided on a modified sentencing range, and then proceeded to consider the § 3553(a) factors before announcing the final sentence. Even if "the district court's comments muddled the steps, they establish that the court does not believe a sentence reflecting a 50% departure . . . would be appropriate."[15] The court further stated that even if the guideline determinations were incorrect, it "would impose this same sentence."

---

[12] *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (quoting *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012)).

[13] *Id.* (quoting *United States v. Garcia-Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009)).

[14] *Malone*, 828 F.3d at 341.

[15] *Id.*

No. 25-30466

**2**

The extent of a § 5K1.1 departure "must be determined by the court, based on its evaluation of the facts and circumstances of the case."[16] "The government's evaluation and recommendation, while deserving substantial weight, is but one factor to be considered in this equation."[17] "The court is charged with conducting a judicial inquiry into each individual case before independently determining the propriety and extent of any departure in the imposition of sentence."[18]

Here, the court likely conducted the requisite independent inquiry into Appellant's case before granting the § 5K1.1 motion. The court had reviewed the Government's § 5K1.1 motion, and it asked the Government during the hearing whether the individual indicted with Appellant's help was already under investigation at the time, an attempt to determine the nature of Appellant's assistance. While the court accepted the Government's recommendation, there is no evidence the court "automatically" adopted the recommendation without independently determining what it thought was appropriate.[19] The court noted that its decision was "based on a number of factors, [and] what the Government has enunciated as to the role of [Appellant] in this matter justifies the range that the Government has proposed as opposed to the range that the defense has proposed." The court considered the appropriateness of each side's recommendations as well as

---

[16] *United States v. Johnson*, 33 F.3d 8, 9 (5th Cir. 1994).

[17] *Id.* (footnote omitted).

[18] *Id.* at 10.

[19] *Contra id.*

8

the facts presented in the Government's § 5K1.1 motion and the Government's response to its question at the hearing.

Regardless, Appellant has again failed to show that any "error affected the outcome of the district court proceedings."[20]  While Appellant argues the court should have inquired more into the facts presented in the Government's motion, he does not point to any further information the court would have discovered, nor does he explain how that information would have affected his sentence.

\*        \*        \*

For the foregoing reasons, we AFFIRM.

_____

[20] *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (quoting *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012)).